LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JUAN ZAPATA,<br>*on behalf of himself, FLSA Collective Plaintiffs and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>KINGS COUNTY AUTO BODY CORP.<br>and SHLOMA KELLMAN,<br><br>Defendants. | Case No:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

---

Plaintiff, JUAN ZAPATA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, KINGS COUNTY AUTO BODY CORP. (the "Corporate Defendant") and SHLOMA KELLMAN (together the "Individual Defendants," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) compensation for unpaid spread-of-hours premiums, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to the New York State Human Rights Law, he is entitled to recover from Defendants for discrimination based on gender: (1) compensatory damages and (2) attorney's fees and costs.

4. Plaintiff further alleges that, pursuant to New York City Human Rights Law, Administrative Code of the City of New York §8-107 *et seq.*, he is entitled to recover from Defendants for discrimination based on gender: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

7. Plaintiff, JUAN ZAPATA, for all relevant time periods, was a resident of Kings County, New York.

8. The Defendants operate an auto body shop, located at 168 Walworth Street, Ground Floor, Brooklyn, NY 11205.

9. Corporate Defendant:

KINGS COUNTY AUTO BODY CORP. is a domestic business corporation organized under the laws of the State of New York with an address for service of process and a principal place of business located at 168 Walworth Street, Ground Floor, Brooklyn, NY 11205.

10. Individual Defendants:

(i) SHLOMA KELLMAN is a Chief Executive Officer of the Corporate Defendant. SHLOMA KELLMAN exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to SHLOMA KELLMAN directly regarding any of the terms of their employment, and SHLOMA KELLMAN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. SHLOMA KELLMAN is regularly present at the auto body shop and he directly reprimands any employee who does not perform his duties correctly.

(ii) SHLOMA KELLMAN additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and the Class. SHLOMA KELLMAN exercises functional control over the business and financial

operations of the Corporate Defendant. He ensures that employees properly serve and cater to customers to ensure that the auto body shop is operating efficiently and profitably.

11. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all auto mechanics employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to

Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all auto mechanics employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay overtime premium for hours worked in excess of 40 per workweek, (ii) failing to pay spread of hours premium and (iii) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and

practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing

incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

   ;

d) Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law;

e) Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law;

f) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

g) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law;

## **STATEMENT OF FACTS**

24. In or around October 2011, Plaintiff JUAN ZAPATA was hired by Defendants to work as an auto body technician for Defendants' auto body shop located at 168 Walworth Street, Ground Floor, Brooklyn, NY 11205. Plaintiff JUAN ZAPATA's employment with Defendants ended on or about January 23, 2017 Plaintiff resigned because he was constantly harassed by his manager and threatened with violence. Even though Plaintiff complained to his employers, no remedial actions were ever taken.

25. During the employment of Plaintiff by Defendants, he worked over forty (40) hours per week. During Plaintiff's employment by Defendants, he regularly worked over ten (10) hours in a workday.

26. Throughout his entire employment, Plaintiff JUAN ZAPATA was scheduled to work five (5) days a week: from 8:00 a.m. to 6:00 p.m., Monday through Thursday and from 8:00 a.m. to 3:00 p.m., on Friday; for a total of forty-seven (47) hours per week. In addition to his scheduled hours, Plaintiff would stay past his scheduled end time and work until 9:00 p.m. at

least twice a week; and approximately 2 to 3 times a month, he would come in and work from 8:00 a.m. to 3:00 p.m. on Sunday. Other FLSA Collective Plaintiff and Class members were scheduled to work similar hours and regularly worked past their scheduled hours.

27. From in or about October 2011 until in or about January 2016, Plaintiff JUAN ZAPATA was paid on a fixed salary basis, at a rate of $600 per week ($300 by check and the remaining amount in cash), regardless of his actual hours worked. From in or about January 2016 until the end of his employment, he was paid on a fixed salary basis, at a rate of $800 per week ($300 by check and the remaining amount in cash), regardless of his actual hours worked. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Throughout Plaintiff's employment by Defendants, Defendants willfully violated Plaintiff's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because Plaintiff was a non-exempt employee who must be paid on an hourly basis.

28. Similarly, the other FLSA Collective Plaintiffs and Class members were compensated by Defendants on a fixed weekly salary basis, even though FLSA Collective Plaintiffs and Class members never agreed with Defendants that the fixed salaries that they received were inclusive of overtime premium for all hours in excess of forty (40) that they worked in each workweek. The weekly fixed compensation of FLSA Collective Plaintiffs and Class members did not vary even if their weekly work hours varied.

29. Throughout his employment by Defendants, Plaintiff was constantly harassed by manager whenever Plaintiff asked for more money to cover his overtime hours worked. Also, Defendants hired another worker to threaten Plaintiff with terminating his employment, claiming that the worker would "take his place". In addition, the manager created a hostile work environment by speaking badly about Plaintiff's work ethic in front of his coworkers.

Throughout Plaintiff's employment, manager would call Plaintiff by a sexually discriminatory term, "faggot".

30. Throughout his employment by Defendants, Plaintiff was the victim of severe and unrelenting gender-based discrimination and emotional distress at the hands of his direct supervisor, as well as other employees of Defendants' business. Defendants intentionally implemented policies resulting in an extremely hostile work environment, in which supervisory and managerial employees, among others, were permitted to harass Plaintiff on the basis of gender as well as work ethic, without fear that such discriminatory conduct would result in any negative consequences whatsoever.

31. Although Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

32. Plaintiff, FLSA Collective Plaintiffs and Class members had workdays that regularly exceeded 10 hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL.

33. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over 40 in a workweek.

34. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage notices or proper wage statements as required by NYLL.

35. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

# STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

36. Plaintiff realleges and reavers Paragraphs 1 through 35 of this class and collective action Complaint as if fully set forth herein.

37. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

38. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.00.

40. At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

41. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

45. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

46. Plaintiff realleges and reavers Paragraphs 1 through 45 of this class and collective action Complaint as if fully set forth herein.

47. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

48. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

49. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

50. Defendants willfully violated Plaintiff's and Class members' rights by failing to

pay the spread of hours premium required by state law.

51. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

52. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

53. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

### (GENDER DISCRIMINATION)

54. Plaintiff realleges and reavers Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. The New York State Human Rights Law prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's gender.

56. Plaintiff is an employee and a qualified person within the meaning of the New York State Human Rights Law ("NYSHRL") and Defendants are covered employers under the NYSHRL.

57. Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of constant

gender-based discrimination and sexual harassment. Such discriminatory conduct by Defendants ultimately led to Plaintiff's termination by Defendants.

58. Due to Defendants' violations under the New York State Human Rights Law, as amended, based on discrimination on the basis of gender, Plaintiff is entitled to recover from Defendants: (1) compensatory damages and (2) attorneys' fees and costs.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

### (GENDER DISCRIMINATION)

59. Plaintiff realleges and reavers Paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. Plaintiff is an employee under the NYCHRL and was qualified for his position. Defendants are covered employers under the NYCHRL.

61. Defendants operated a business that discriminated against Plaintiff in violation of the NYCHRL by subjecting Plaintiff to a hostile work environment, in the form of constant harassment on the basis of gender. Such discriminatory conduct by Defendants ultimately led to Plaintiff's termination by Defendants.

62. Due to Defendants' violations under the New York City Human Rights Law, as amended, based on discrimination on the basis of gender, Plaintiff is entitled to recover from Defendants: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the New York Labor Law, the New York State Human Rights Law, and the New York City Human Rights Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid spread-of-hours premium due under the New York Labor Law;

e. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and spread of hours premium pursuant to the New York Labor Law;

h. An award of compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

i. An award of compensatory damages pursuant to the New York State Human Rights Law;

j. An award of compensatory damages pursuant to the New York City Human Rights Law;

k. An award of punitive damages as a result of Defendants' willful violation of the New York City Human Rights Law;

l. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

m. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

n. Designation of this action as a class action pursuant to F.R.C.P. 23;

o. Designation of Plaintiff as Representative of Class; and

p. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 3, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
    C.K. Lee, Esq. (CL 4086)