```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
JUAN ZAPATA, *on behalf of himself, FLA*                    :
*Collective Plaintiffs, and the Class*                      :   **MEMORANDUM DECISION**
                                                            :   **AND ORDER**
                                 Plaintiff,                 :
                                                            :   17 Civ. 2664 (BMC)
            - against -                                     :
                                                            :
KINGS COUNTY AUTO BODY CORP., and                           :
SHLOMA KELLMAN,                                             :
                                                            :
                                 Defendants.                :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiff brings this action against his former employer, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), on behalf of himself and all other auto mechanics employed by defendants for the past six years, in addition to individual state law claims for gender discrimination under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 292, and the New York City Human Rights Law ("NYCHRL"), NYC Administrative Code § 8-107 *et seq*. In fulfilling its obligation to consider its subject matter jurisdiction, see Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006), the Court *sua sponte* issued an Order to Show Cause directing plaintiff to explain the basis for the exercise of supplemental jurisdiction over his NYSHRL and NYCHRL claims. Plaintiff's response fails to demonstrate that his state law discrimination claims form part of the same case or controversy as his federal wage claims. The Court therefore declines to exercise supplemental jurisdiction over plaintiff's NYSHRL and NYCHRL claims, and these claims are dismissed for lack of subject matter jurisdiction.

Plaintiff, who was formerly employed by defendant Kings County Auto Body Corp. as an auto body technician, alleges that defendants failed to pay him, and other auto mechanics, overtime wages. Plaintiff also alleges that he was subjected to a hostile work-environment because supervisory and managerial employees would call him by the discriminatory term "faggot" and "harass [him] on the basis of his gender."

Plaintiff's sole basis for jurisdiction over his state law discrimination claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Under § 1367, a federal district court may exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy" as the asserted federal claim conferring subject matter jurisdiction. See 28 U.S.C. § 1367(a). A state law claim forms part of the same case or controversy as a federal claim if the claims "'derive from a common nucleus of operative fact' and are such that one would ordinarily expect them to be tried in one judicial proceeding." People by Abrams v. Terry, 45 F.3d 17, 23 n. 7 (2d Cir. 1995) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)). In determining whether two disputes arise form a "common nucleus of operative fact," courts consider whether "'the facts underlying the federal and state claims substantially overlap[]'" or "'the federal claim necessarily [brings] the facts underlying the state claim before the court.'" Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006) (quoting Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000)).

The only discernable factual connection between plaintiff's federal wage claim and state discrimination claims is that they all arise out of plaintiff's employment with defendants. This bare link does not establish supplemental jurisdiction. Plaintiff's discrimination claims will require vastly different discovery from plaintiff's wage claims. Indeed, it is likely that the only evidentiary connection these claims share is the fact of plaintiff's employment at Kings County

Auto Body Corp. For this reason, several courts have held that "the employment relationship is itself insufficient to create a common nucleus of operative fact between an FLSA claim and a state law, non-wage claim." Figurowski v. Marbil Inv'rs, LLC, No. 14-cv-7034, 2015 WL 4000500, at *3 (E.D.N.Y. July 1, 2015) (internal quotation marks omitted); see, e.g., Shearon v. Comfort Tech. Mech. Co., Inc., No. 12-CV-96, 2014 WL 1330751, at *3 (E.D.N.Y. March 31, 2014); Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381, 395 (E.D.N.Y. 2007); Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 468-69 (S.D.N.Y.2007).

Accordingly, plaintiff's NYSHRL and NYCHRL claims are dismissed.

**SO ORDERED.**

                                                       U.S.D.J.

Dated: Brooklyn, New York
        May 10, 2017